**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **In re:** | **CASE NO. 19-12366** |
| | **(JOINTLY ADMINISTERED)** |
| **Dominion Group, LLC, et al.** | **SECTION "B"** |
| **Debtor** | **CHAPTER 11** |

**UNITED STATES TRUSTEE'S OBJECTION TO THE FINAL APPLICATION FOR ATTONEY'S FEES FOR ADAMS AND REESE, LLP**

**NOW INTO COURT,** through undersigned counsel, comes the United States Trustee for Region 5, who objects to the First and Final Application for Attorney's Fees and Reimbursement of Expenses of Adams and Reese, LLP [Dkt. 137] ("Final Application") as follows:

### *Background*

1. Dominion Group, LLC and Cape Quarry LLC filed voluntary Chapter 11 petitions on September 3, 2019. On October 2, 2019, an order was entered granting joint administration of the cases.

2. Adams and Reese, LLP ("A&R") filed an application to be employed as Debtor's counsel on September 4, 2019. [Dkt. 4]. The U.S. Trustee filed an Objection to the application on September 5, 2019 citing that the hourly rate requested by lead counsel and co-counsel of $575.00 to $500.00/hour exceeded the top hourly rate approved by the Court to date of $475.00. [Dkt. 9]. An interim order granting the application was entered on September 12, 2019, setting a final hearing on October 2, 2019. [Dkt. 26]. The hearing was ultimately continued to October 29, 2019.

3. Prior to final hearing on the application to employ, the U.S. Trustee filed a Supplemental Objection noting that due to and due from existed between Dominion and Cape Quarry, and a potential existed that counsel was not disinterested or had a conflict of interest. [Dkt.

92]. Celtic filed a joinder to the Supplemental Objection. [Dkt. 94]. An objection to the application to employ was also filed by Mr. Milner, a secured creditor, who requested information regarding the prepetition retainer paid to A&R by Harstock and the guarantee of A&R fees by an individual, and whether the transactions created a conflict of interest. [Dkt. 96].

    *4.*    On October 22, 2019, Heller, Draper, Patrick Horn and Manthey, LLC filed an application to be employed as counsel in the Jointly Administered cases [Dkt. 98], and a Motion to Withdraw as counsel was filed by A&R. [Dkt. 101]. The withdrawal occurred prior to final approval of the A&R application to employ.

    *5.*    On December 11, 2019, A&R filed the Final Application, seeking compensation in both cases of $76,296.75 and expenses of $3,784.36, for a total of $80,081.11 for services between September 3, 2019 and October 22, 2019, a period of approximately seven weeks. A&R states that it has received a total retainer in the jointly administered cases of $75,000.00.

    *6.*    The U.S. Trustee objects to the fees because:

- The hourly rate exceeds the value of services;
- Certain work for DIP financing is excessive and not a benefit to the estate, as a financing motion has not to date ever been filed in the case;
- Paralegal fees for time spent filing, servicing, or noticing documents is not compensable.

### *Applicable Law*.

7.    11 U.S.C. §330 provides that after notice and hearing the court may award to a professional, reasonable compensation for the actual, necessary services rendered by the attorney and reimbursement for actual, necessary expense. The court may award compensation less than the amount requested. 11 U.S.C. §330(a)(2). In determining the amount of reasonable compensation,

the court must consider the nature, the extent, and the value of the services rendered taking into account certain enumerated factors, including:

- The time spent;
- The rate charged;
- Skill and experience of the professional;
- The necessity or the services in the administration of the case and if they were beneficial to the completion of the case;
- Whether performed within a reasonable time; and
- Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. §330(a)(3). These factors are not exclusive, and courts have wide discretion in determining the amount of compensation that is reasonable. *See In re Haimil Realty Corp*, 579 B.R. 19, 27 (Bankr. D.D.N.Y. 2017).

8. Section 330 further states that "the court shall not allow any compensation for:

- Unnecessary duplication of services; or
- Services that are not:
    1. Reasonably likely to benefit the debtor's estate; or
    2. Necessary to the administration of the estate.

11 U.S. C. §330(a)(4)(A).

9. The necessity and reasonableness of legal services is determined at the time they were rendered. *In re Woerner*, 783 F.3d 266, 255 (5th Cir. 2015). But in assessing the likelihood that services would benefit the estate the court should consider:

- the probability of success at the time the services were rendered,
- the reasonable costs of pursuing the action,
- what services a reasonable lawyer or firm would have performed in the same circumstances,
- whether the services could have been rendered by the Trustee, and
- any potential benefits to the estate (and not the individual debtor).

"Whether the services were ultimately successful is relevant to, but not dispositive of attorney compensation." *Id.*

10. The Fifth Circuit emphasized that the ruling in *Woerner* "is not intended to limit the court's broad discretion to award or curtail attorney's fees under §330, 'taking into account all relevant factors.'" *Id* at 277. One such factor is whether the attorney fees charged exceed the monetary value the services provided to the estate. *In re King*, 546 B.R. 682, 689 (court disallowed fees where fee application comprised 66.93% of total proceeds and only 9.95% went to unsecured creditors). The applicant bears the burden of proof in a fee application. *Matter of Evangeline Refining Co.*, 89 F.2d 1312, 1326 (5th Cir. 1989).

11. Section 330(a) incorporates the concept of billing judgment. *See In re Village Apothecary, Inc.*, 586 B.R. 430, 433-34 (Bankr. E.D. Mich. 2018). The court reviews fee applications "much as a sophisticated non-bankruptcy client would review a legal bill." *Busy Beaver Building Centers, Inc.*, 19 F.3rd 833, 848 (3rd Cir. 1994). Non-bankruptcy clients generally expect counsel to reduce their bills so that the fees charged are commensurate with the clients' gains. *Village Apothecary*, 586 B.R. at 433-34.

### *Hourly Rate*

12. The fee application uses the following rates for time billed:

| | |
|---|---|
| John Duck | $525/hr |
| Robin Cheatham | $525/hr |

The rates sought exceed the top local billing rate approved to date for attorneys of $475/hour). The rates also exceed the rate sought by replacement counsel of $475/hour for Draper and $450/hour for Tristan Manthey. Given the brief time spent in the case, the lack of complex issues in the first days, the U.S. Trustee requests that the hourly rate be reduced from $525/hr to $475/hour or less. At the lower rate, fees would be reduced as follows:

Dominion:     JD  17.4 hours @ ($50/hour) =  $870

              RC  19.3 hours @ ($50/hour) =  $965

Cape Quarry:  JD  15,90 hours @ ($50/hr) =  $795

              RC  20.4 hours @ ($50.hr)   = $1020

                        Total       $3,650

*Fees exceed the benefit to the estate.*

13.   The U.S. Trustee objects to time spent pursuing DIP financing. To date, a motion seeking DIP financing has not been filed. Financing was not agreed to during the pendency of A&R's term as counsel. There exists insufficient benefit to the estate from the efforts of A&R to justify the fees requested related to efforts to obtain DIP financing, and fees in the Final Application should be denied or reduced.

14.   In the Dominion and Cape Quarry cases, fee records indicate a total of $30,832.00 in time spent related to obtaining DIP financing:

| **Dominion** | | **Cape Quarry** | |
|---|---|---|---|
| GW | 1.00 x $270 = $270 | | |
| RP | 4.8 x $300 = $1440 | RP | 5 @ $300 = $1500 |
| SC | 14.8 x $425 = $6290 | SC | 11.9 @ $425 = $5057.50 |
| RC | 3.2 x $525 = $1680 | RC | 6.1 @ $525 = $3202.50 |
| JD | 13.1 x $525 = $6877.50 | JD | 8.6 @ $525 = $4515 |
| | Total  $16,557.50 | | Total  $14,274.50 |

*Paralegal expenses for clerical work are non-compensable*

15.   Time spent by paralegals for clerical work is non-compensable. *See Lalla v. City of New Orleans,* 161 F. Supp. 2d 686, 710-711 (E.D.La. 2001). *See also Missouri v. Jenkins*, 491 U.S. 274, 299 n.10, 109 S.Ct. 2463, 105 LEd.2d 229(1989)("purely clerical or secretarial tasks should not be billed at the paralegal rate, regardless of who performs them.") Time spent for clerical tasks including typing, copying, preparing document for electronic filing and service;

filing documents in the court's CM/ECF system and preparation of mailings is not compensable. *In re Ridgeway*, Bankr. Case 16-10643, Dkt. 680 (E.D. La. 2/27/2018).

16. In this case, $2,256.00 of time for paralegals spent in non-compensable clerical tasks should be disallowed. This includes time for VO, as follows:

Dominion:  11.3 hours (9/3 to 10/22) @ $120/hr. =  $1356

Cape Quarry 7.5 hours (9/3 to 10/22) @ $120/hr  =  $ 900

Total =  $2,256

**WHEREFORE**, the above premises considered, the U.S. Trustee requests that this objection be deemed good and sufficient, that the fee application of Counsel be reduced or deferred as outlined above, and for all other and further relief that is appropriate.

Respectfully submitted,

DAVID W. ASBACH.
Acting United States Trustee
Region 5, Judicial Districts of
Louisiana and Mississippi

by: *s/Mary Langston*
MARY LANGSTON (22818)
Assistant U.S. Trustee
400 Poydras Street, Suite 2110
New Orleans, LA 70130