**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | § | |
|---|---|---|
| IN RE: | § | CASE NO: 19-12366 |
| | § | |
| DOMINION GROUP, LLC, | § | CHAPTER 11 |
| | § | |
| DEBTOR.[1] | § | SECTION A |
| | § | |

| | § | |
|---|---|---|
| | § | |
| IN RE: | § | CASE NO: 19-12367 |
| | § | |
| CAPE QUARRY, LLC, | § | CHAPTER 11 |
| | § | |
| DEBTOR. | § | SECTION A |
| | § | |

**ORDER**

Before the Court is the Motion To Withdraw as Counsel of Record (the "Motion") filed by Heller, Draper, Patrick, Horn & Manthey, LLC ("Heller Draper"), [*In re Dominion Group, LLC,* Case No.: 19-12366, (hereinafter "*Dominion*"), ECF Doc. 294]. Oppositions to the Motion were filed by Charles Edward Milner and MD Stone, LLC ("Milner"), [*Dominion*, ECF Doc. 301], and the Official Committee of Unsecured Creditors, [*Dominion*, ECF Doc. 303].

The Court also considered the Joint Disclosure Statement To Accompany Chapter 11 Plans Of Reorganization, (the "Joint Disclosure Statement"), [*In re Cape Quarry, LLC,* Case No.: 19-12367, (hereinafter "*Cape Quarry*"), ECF Doc. 100], and matters related thereto. *See Cape Quarry*, ECF Docs. 105, 107, 113, 116, & 120. Additionally, Milner orally moved for the appointment of an examiner under 11 U.S.C. § 1104(c). Appearances were as noted on the record.

---

[1]    An Order directing joint administration of the chapter 11 bankruptcy cases of Dominion Group, LLC, as lead case, with the chapter 11 bankruptcy case of affiliated debtor, Cape Quarry, LLC, No. 19-12367, was entered on or about October 2, 2019.

Having considered the record, the arguments of the parties, and the law applicable thereto,

**IT IS ORDERED THAT** the Motion is DENIED and Heller Draper is ordered to continue to represent the interests of the Debtors in these bankruptcy cases;

**IT IS FURTHER ORDERED** that all proposed amended plans must be filed into the record not later than **5:00 p.m. on September 25, 2020**. This deadline is strict, and any amendments or exhibits after September 25, 2020, at 5:00 p.m. shall be disallowed. All amended fact summary sheets based on any proposed amended plan shall be submitted to counsel for the Debtor not later than **5:00 p.m. on September 28, 2020**. This deadline is strict, and any amended fact summary sheet submitted after September 28, 2020, at 5:00 p.m. shall be disallowed. Counsel for Debtor shall thereafter prepare and file into the record an amended Combined Disclosure Statement;

**IT IS FURTHER ORDERED** that an evidentiary hearing on confirmation of the proposed amended plan(s) shall be held on **November 6, 2020 at 1:00 p.m.**;

**IT IS FURTHER ORDERED** that pursuant to 11 U.S.C. § 1104(c), the United States Trustee SHALL appoint an examiner with limited duties in the *Cape Quarry*;

**IT IS FURTHER ORDERED** that the scope of the duties of the examiner is limited to: :

    a. Reviewing, approving, and signing of the Disclosure Statement in Case No. 19-12367;

    b. Oversight of the solicitation of acceptances and rejections of plans in Case No. 19-12367; and

    c. Tabulation of ballots in Case No. 19-12367;

**IT IS FURTHER ORDERED** that having determined that an evidentiary hearing on confirmation is necessary and that, pursuant to Federal Rule of Civil Procedure 43(a) (made applicable by Federal Rule of Bankruptcy Procedure 9017), the current COVID-19 pandemic provides for good cause and constitutes compelling circumstances to permit testimony in open

court by contemporaneous transmission from a different location, and that the following telephonic

and virtual hearing procedures shall provide appropriate safeguards in relation to the Hearing,

     **IT IS HEREBY ORDERED**:

     1.     An Evidentiary Hearing on the above matters is scheduled for **November 6, 2020,**

**at 1:00 p.m.,** and will take place virtually. The Court will use the AT&T Teleconferencing Service

(for audio purposes) and Zoom for Government (for video purposes). The AT&T audio services

can be accessed by calling (888) 684-8852 and entering the access code 9318283. When dialed

in:

     a.   Please do not place your phone on hold;

     b.   Keep your phone on mute unless it is your turn to speak; and

     c.   Speak loudly and clearly into your phone.[2]

     2.     **Zoom Instructions.** The Zoom Meeting Room link is

https://www.zoomgov.com/my/judgegrabill. Counsel for parties-in-interest shall provide notice

to anna_mangham@laeb.uscourts.gov via e-mail of all people who will be participating via Zoom

no later than **October 30, 2020, at 5:00 P.M. CST.** The Court may restrict the number of

participants using the Zoom conference. By separate e-mail, the Court will circulate to the

participants the Zoom password and additional instructions for the Zoom conference, including

procedures for displaying and admitting exhibits. Pre-hearing, all counsel and witnesses shall

conduct a test of Zoom using the same equipment that they will be using during the hearing. If

you have questions or encounter any problems while testing the system, please contact Robert

Scott, the Court's Information Systems Manager, at Robert_Scott@laeb.uscourts.gov.

---

[2]     The Court discourages the use of speakerphone when participating in hearings as it interferes with clear transmission of testimony and oral argument.

3.      **Witness and Exhibit Lists.** Counsel for the parties shall file into the record and electronically serve upon their opponents a list of all witnesses who may be or will be called to testify at trial, and a list of all exhibits that may or will be used—with the exception of impeachment exhibits—not later than **October 30, 2020, at 5:00 P.M. CST.**.

4.      **Submission of Exhibits.**  In addition to the formal list of exhibits, counsel shall provide sufficient electronic copies of all exhibits—but for impeachment exhibits—to opposing counsel and shall send all exhibits to the Court by e-mailing anna_mangham@laeb.uscourts.gov in .pdf format not later than **October 30, 2020, at 5:00 P.M. CST.**  Impeachment exhibits must be submitted to the Court via separate e-mail to anna_mangham@laeb.uscourts.gov in .pdf format not later than **October 30, 2020, at 5:00 P.M. CST.**

5.      **Form of Exhibits**. Each party shall combine all of its exhibits into one .pdf document with each individual exhibit labeled and bookmarked for easy review by the Court.  All exhibits must be labeled.  The Debtor shall label its exhibits using numbers (*e.g.*, Debtor Ex. 1, Debtor Ex. 2), while the Plan Proponents shall use letters (*e.g.*, Quarry Aggregates Ex. A, or Milner Ex. A).  Any joint, uncontested exhibits shall be labeled as such (*e.g.*, Joint Ex. 1), and filed by one of the parties, as coordinated in advance.  The parties shall combine any joint exhibits and submit them as a separate .pdf document in the same format. Impeachment exhibits must be labeled as such (*e.g.,* Debtor's Impeachment Ex. 1, Quarry Aggregates Impeachment Ex. A, or Milner Impeachment Ex. A).

6.      **Remote Witness Testimony**. In accordance with Federal Rule of Civil Procedure 43(a) (made applicable by Federal Rule of Bankruptcy Procedure 9017), for good cause and in compelling circumstances, a witness may be permitted to testify by contemporaneous transmission from a location other than the courtroom.  Based on the foregoing, any witness called to testify or

4

subject to cross-examination shall be permitted to testify by contemporaneous transmission from a different location ("Remote Witness").

7.      **Requirements for Allowance of Remote Testimony; Additional Information**. As additional safeguards for the allowance of a Remote Witness, the Party sponsoring said Remote Witness shall file with the Court, no later than **October 30, 2020, at 5:00 P.M. CST.**, a document containing the following information:

a. The name and title of the Remote Witness.

b. The matter on which the Remote Witness will provide testimony.

c. The location of the Remote Witness (city, state, country).

d. The place from which the Remote Witness will testify (*e.g.*, home, office – **no addresses are required**).

e. Whether anyone will be in the room with the Remote Witness during the testimony, and if so, who (name, title, relationship to the Remote Witness), and for what purpose.

f. Whether the Remote Witness will have access to any documents other than exhibits that have been emailed to the Court and the parties, and if so, what documents.

Such information may be filed with the Court separately from (or incorporated within) the Witness Lists required to be filed with the Court.

8.      **Administration of Oath to Remote Witnesses**. All Remote Witnesses shall give an oath or affirmation to testify truthfully over Zoom, and such testimony will have the same effect and be binding upon the Remote Witness in the same manner as if such Remote Witness gave the oath or affirmation in person in open court. To the extent there is an error or malfunction with Zoom or other video conferencing solution, the Remote Witness may give that oath or affirmation and testify via telephone only.

9.      **Responsibility for Remote Witnesses**. The Party sponsoring the witness shall be responsible for ensuring that the telephone dial-in, Zoom link, and all exhibits are supplied to the

Remote Witness prior to the hearing, that the Remote Witness has access to a computer with camera and a telephone, and has been registered with Zoom, as applicable.

10.    **Transcribing the Hearing.**  The Court will record the Hearing but will not issue a contemporaneous transcript.  If a party wishes to obtain an expedited transcript of the Hearing, they may hire a private transcriptionist who the Court can permit to access the proceeding to transcribe it.  It is the requesting party's responsibility to cover the cost of a transcriptionist.  The transcriptionist must transcribe the entire Hearing.  The party must provide the Court with the transcriptionist's name and e-mail address by e-mailing anna_mangham@laeb.uscourts.gov by **October 30, 2020, at 5:00 P.M. CST.**  Unless there is good cause to decide otherwise, the Court will accept the transcriptionist's certified transcript of the entire Hearing as the official transcript. Once the requesting party receives the transcript, the transcriptionist must provide the transcript(s) directly to the Clerk's Office for docketing at Jennifer_Nunnery@laeb.uscourts.gov.

If no party arranges for a contemporaneous transcription, a person may instead request that a transcript be prepared afterwards from the recording of the Hearing by e-mailing Jennifer Nunnery in the Clerk's Office at Jennifer_Nunnery@laeb.uscourts.gov.  The requesting party will be responsible for covering the costs of the transcript before it will be made available by the Court.

New Orleans, Louisiana, September 23, 2020.

MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE